IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES THOMAS CARLAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-397 (MTT) |
| Judge C. ASHLEY ROYAL, | ) ) ) |
| Defendant. | ) ) |

### ORDER

Pro se Plaintiff James Thomas Carlan filed this action against Judge C. Ashley Royal. ECF 1. The Court dismissed Carlan's complaint as frivolous under 28 U.S.C. § 1915(a) because the only defendant, Judge C. Ashley Royal, is entitled to judicial immunity. ECF 4. Carlan has now moved for recusal under 28 U.S.C. § 455. ECF 10. For the following reasons, Carlan's motion for recusal (ECF 10) is **DENIED**.

### I. DISCUSSION

Under 28 U.S.C. § 455, a justice, judge, or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "Recusal is appropriate only if 'an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" *Williams v. Marshall*, 319 F. App'x 764, 768-69 (11th Cir. 2008) (quoting *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003)). However, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Carter v. West Publ. Co.*, 1999 WL 994997, at *2 (11th Cir. 1999) (alteration in original) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). Thus, a judge "should not

recuse himself on unsupported, irrational, or highly tenuous speculation," and "[s]ection 455 does not require the judge to accept all allegations by the moving party as true." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (quoting *Phillips v. Joint Legislative Com.*, 637 F.2d 1014 (5th Cir. 1981) (Unit A)).

Carlan appears to argue that this Court and Judge C. Ashley Royal should recuse themselves because of previous orders dismissing Carlan's cases under statutory or procedural authority, such as Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF 10 at 1. He states that "[t]his ongoing pattern of reasoning … creates a reasonable appearance of bias and a lack of impartiality toward constitutional arguments advanced by [Carlan]." *Id.* Carlan claims the Court has disregarded the Constitution, and reliance on later-enacted statutes "creates a direct conflict of interest between these judges' prior rulings and the questions now before the Court." *Id.* at 2.

Carlan has failed to meet the procedural requirements to make a showing of bias or prejudice pursuant to Section 144. Although he has presented the facts he contends show bias within his motion, he has not filed a proper affidavit stating "the facts and the reasons for the belief that bias or prejudice exists" and attested to under the penalty of perjury. 28 U.S.C. § 144; *See United States v. de la Fuente*, 548 F.2d 528, 541 (5th Cir. 1977) (holding that an informal request for recusal unaccompanied by the requisite affidavit fails to comply with Section 144). Further, even if the Carlan's Section 144 motion were not procedurally deficient, his allegations of bias clearly do not satisfy the requirements of Section 144. Carlan complains only about the rulings this Court and Judge Royal have made in his cases. ECF 10. Adverse rulings do not constitute pervasive bias. *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651

(11th Cir. 1983). Accordingly, the Court finds that Carlan may not seek recusal pursuant to Section 144.[1]

### III. CONCLUSION

For the foregoing reasons, Carlan's motion for recusal (ECF 10) is **DENIED**.

**SO ORDERED**, this 21st day of November, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] As noted in the Court's order dismissing Carlan's complaint (ECF 4 at 1 n.1), judges should recuse themselves from deciding cases where the defendants are judges of the same district "unless the litigation is patently frivolous or judicial immunity is clearly applicable." 2 GUIDE TO JUDICIARY POLICY, ch. 2, pt. B, § 220, no.103 (2009). Both exceptions apply here.