**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

--------------------------------

No. 25-13787

Non-Argument Calendar

--------------------------------

JAMES THOMAS CARLAN,

*Plaintiff-Appellant,*

*versus*

C. ASHLEY ROYAL,

*Defendant-Appellee.*

--------------------------------

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:25-cv-00397-MTT

--------------------------------

Before JORDAN, KIDD, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant James Carlan appeals pro se from the district court's order dismissing his in forma pauperis complaint alleging

that Judge Jason Ashford[1] of Georgia's Houston County State Court violated his First Amendment rights and Judge Ashley C. Royal of the United States District Court for the Middle District of Georgia violated his Seventh Amendment rights. Carlan does not argue that the district court abused its discretion by dismissing his complaint as frivolous. Instead, he only argues that Judge Royal unconstitutionally dismissed his prior actions. Having reviewed the record and read the appellant's brief,[2] we affirm the district court's order dismissing Carlan's complaint.

## I.

We review for abuse of discretion a district court's sua sponte dismissal of a pro se litigant's in forma pauperis complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir. 2001). A complaint is frivolous if it lacks arguable merit in law or fact, or, in other words, "has little or no chance of success." *Id.*; *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quotation marks omitted).

We liberally construe pro se pleadings and hold them to a less stringent standard than counseled pleadings. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). However, pro se litigants are still "subject to the relevant law and rules of court," and we "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Moon v. Newsome*, 863 F.2d 835,

---

[1] Judge Ashford was never named as a defendant in Carlan's complaint.

[2] Appellee did not file a brief.

837 (11th Cir. 1989); *Geo Care, LLC*, 981 F.3d at 911.  "[I]ssues not briefed on appeal" by pro se litigants "are deemed abandoned," and the district court's "judgment is due to be affirmed" if pro se litigants "fail[] to challenge properly on appeal . . . the grounds on which the district court based its judgment." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).  All defendants that are parties to a lawsuit must be named in the complaint's caption.  Fed. R. Civ. P. 10(a).

## II.

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quotation marks omitted).

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Id.*  Issuing rulings on pending matters is a normal judicial function. *See id.* at 1071 (stating that "issuing a decision in the form of a written opinion [is] [a] judicial action[]" and holding that defendant

judges were entitled to absolute judicial immunity). Judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction" and serves as grounds for dismissal when it "obvious[ly] bar[s]" claims. *Sibley*, 437 F.3d at 1070 (quotation marks omitted), 1070 n.2.

The Seventh Amendment preserves the right to a jury trial. U.S. CONST. AMEND. VII. However, we have held that resolving a case based on a matter of law before trial does not violate the Seventh Amendment. *See Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 919-20 (11th Cir. 2018) (holding that summary judgment before trial does not violate the Seventh Amendment).

### III.

We conclude from the record that Carlan has abandoned any challenge to the district court's order by ignoring its sole ground for dismissing his complaint—frivolity—and instead challenging the constitutionality of Judge Royal's dismissals of his prior actions. Even if Carlan had challenged the basis for the district court's order, the district court did not abuse its discretion by dismissing his complaint as frivolous. Carlan's First Amendment claim against Judge Ashford, who Carlan did not name as a defendant, was meritless. Carlan's Seventh Amendment claim against Judge Royal was also meritless because our precedent holds that the Seventh Amendment does not bar judges from resolving a case before it reaches a jury. Finally, Carlan's Seventh Amendment claim against Judge Royal was barred by Judge Royal's absolute judicial immunity because it arose out of Judge Royal's order dismissing

Carlan's prior actions, which is a normal judicial function. Therefore, even if Carlan had not abandoned any challenge to the district court's dismissal order, the district court did not abuse its discretion by dismissing his complaint as frivolous.

Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing Carlan's in forma pauperis complaint.

**AFFIRMED.**